JUAN IRIZARRY CORDERO, Appellant, *v.* THE REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. G-63-13.        Decided January 10, 1964.

*José Sabater* for appellant. The respondent registrar appeared by brief.

Division composed of Mr. Justice Pérez Pimentel as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On September 11, 1958, Ángel Vázquez Alicea executed an open will before Notary Emilio Forestier Gregory in Mayagüez, instituting his concubine, María Feliciano Pérez, and his foster daughter, Lydia Alicea Rodríguez, his sole heirs, in equal parts. He was predeceased by heiress María Feliciano Pérez, who in turn left her daughter, Adela Rodríguez, her sole heiress.

The testator died on November 21, 1960. In an incident within a judicial administration proceeding, the Mayagüez Part of the Superior Court held that Adela Rodríguez, as sole heiress of her mother, María Feliciano Pérez, was entitled to one-half of the property left by testator Vázquez Alicea by way of the share corresponding to the said María Feliciano Pérez in the partnership which she had constituted with her paramour, the testator.

Lydia Alicea Rodríguez and Adela Rodríguez requested the registration in their name of certain property left by the testator, but the Registrar of Property of Mayagüez denied registration as to both petitioners. In an administrative appeal we reversed the decision of the registrar and ordered the interested parties to present anew the documents for their registration. *Rodríguez* v. *Registrar*, 88 P.R.R. 541 (1963).

Within the proceeding for judicial administration entitled: Probation of Will, *Ex parte* Ángel Vázquez Alicea, civil case No. CS-60-228, the judicial administrator of the estate filed a petition to sell at public auction certain property of the said estate,[1] and the court entered the following

---

[1] Apparently the property is the same property involved in *Rodríguez* v. *Registrar, supra,* since according to the documents in the record there is only one property in the estate left by testator Vázquez Alicea.

"ORDER

"The judicial administrator has requested leave to sell at public auction certain rural property belonging to the heirs which is described in the seventh averment of the motion. Eudaldo Báez García, attorney for heiress Adela Rodríguez, has expressed his conformity with such petition. Since the said property is encumbered by a mortgage in favor of Juan Mari Ramos and the sale is beneficial for all the parties, the court provides:

"1. Authorization is hereby granted to the judicial administrator to sell at public auction the undivided interest belonging to the minor for the minimum price of $1,650, that is, one half of the price of the entire property.

"2. After the mortgage debt is paid to the creditor, the proceeds of the sale of this undivided interest shall be deposited with the clerk of this court.

"3. The clerk shall issue in due time to the marshal of this court a writ of execution with the necessary insertions."

The public auction having been held, the bid was awarded for the minimum price fixed by the court to bidder Juan Irizarry Cordero to whom the marshal issued the corresponding deed of judicial sale. The deed having been presented in the Registry of Property of Mayagüez, the registrar refused to record the property in the name of the purchaser on the following note:

"The document is hereby returned and the registration is denied on the ground that: 1. The judicial order authorizing the sale of the undivided interest of minor Lydia Alicea Rodríguez is not attached, the one accompanying the document not being sufficient since it does not state the name of the person who is the owner of the undivided interest object of the sale; 2. The court and the marshal cannot convey any right, title or interest belonging to a person who has not been notified of or heard in the proceeding, according to the holding in *Suárez* v. *Registrar*, 37 P.R.R. 393; *García & González* v. *Registrar*, 41 P.R.R. 662; *Cancel* v. *Registrar of San Juan*, 28 P.R.R. 862; and *Crehore* v. *Registrar of Guayama*, 22 P.R.R. 597; 3. A judicial administrator

has no power to sell property without the intervention of all the heirs, according to the holding in *Succession of Criado* v. *Martínez et al.*, 25 P.R.R. 308; and 4. Since the undivided interest is recorded in the name of heiress Lydia Alicea Rodríguez rather than in that of predecessor Ángel Vázquez Alicea, the same cannot be conveyed without the express consent of the said owner and heirs, according to the holding in the cases of *Mercado* v. *Registrar*, 68 P.R.R. 129, and *Puffer* v. *Registrar*, 61 P.R.R. 37, a cautionary notice being entered instead for a period of 60 days on the margin of registration entry No. 97, folio 49, journal 252, Mayagüez, October 18, 1963."

The lawmaker has seen fit to establish proper measures to protect the interests of minors. In addition to vesting the courts with the power of *parens patriae* to accomplish that and other purposes, he has expressly adopted legal provisions regulating the sale, disposition or encumbrance of property of minors. Thus, parents are forbidden to alienate or encumber real property belonging to their minor children, or property the value of which exceeds $500 without previous judicial authorization and demonstration of the necessity and utility of such alienation or encumbrance. Section 159 of the Civil Code (31 L.P.R.A. § 616). This provision strictly limits, as to the disposition of property of the children, the exercise of the *patria potestas*.

The limitations imposed by law upon tutors with respect to the property of their minor wards are even more severe, among which are, naturally, the prohibition to alienate or encumber real or personal property the value of which exceeds $200 without the previous judicial authorization and demonstration of the reasons for such necessity and utility. Sections 212 and 214 of the Civil Code (31 L.P.R.A. §§ 786, 788).

Not even the testamentary executors who have been vested with extraordinary power to alienate or adjudicate property in payment of debts may validly perform such acts

if there are forced heirs who are minors, without the intervention of the court and through the procedure provided by law for the sale of property of minors. *Succession of Criado* v. *Martínez et al.*, 25 P.R.R. 308 (1917).[2]

■ As a general rule, the judicial administrator is without power to sell inventoried property. However, pursuant to § 579 of the Code of Civil Procedure (32 L.P.R.A. § 2439),[3] the court, "on the application of the administrator, and after notice to and hearing of the acknowledged heirs, may order the sale of such property at public auction after an appraisement thereof shall have been made by expert appraisers." This section does not distinguish between heirs of full age and minors, but it refers to acknowledged heirs. Isolatedly read, it would seem to indicate that a court may order the sale of the inventoried property even though the acknowledged heirs or some of them are minors, provided notice and a hearing is given to them on the sale proposed by the administrator. However, the sale of property of minors, whether or not such property forms part of the heredi-

---

[2] See, however, the case of *Vilella* v. *Registrar*, 36 P.R.R. 714 (1927), where we held that where the executor has been vested with extraordinary powers, including the power to sell real property, judicial authorization was not necessary to sell real property if the heirs, even if they are minors, were voluntary heirs. The question whether or not to re-examine this doctrine will be left for another occasion, since the sale involved in this proceeding was not made by a testamentary executor.

[3] Section 579 of the Code of Civil Procedure provides:

"The administrator shall not sell the inventoried property of the estate, except such as is likely to deteriorate, such as may be difficult and expensive to maintain, crops which can be sold advantageously, and all other properties the sale of which may be necessary for the payment of the debts of the decedent or to meet the expenses of the administration. The court, on the application of the administrator, and after notice to and hearing of the acknowledged heirs, may order the sale of such property at public auction after an appraisement thereof shall have been made by expert appraisers. Public sales shall be made under the same formalities and terms as hereinbefore provided for the making of leases." (32 L.P.R.A. § 2439.)

tary estate,[4] is governed by §§ 614 to 616 of the Code of Civil Procedure (32 L.P.R.A. §§ 2721–23), whether the petition for the sale is made by the father, tutor, executor of forced heirs or a judicial administrator. See *Capó* v. *Luce & Co.*, 70 P.R.R. 826 (1950); *Wilcox* v. *Registrar*, 67 P.R.R. 445 (1947); *Avilés* v. *Registrar of Property*, 17 P.R.R. 925 (1911); *Lebrón* v. *Registrar*, 63 P.R.R. 346 (1944); *Rivera* v. *Registrar*, 60 P.R.R. 723 (1942).

Pursuant to the aforecited sections, to obtain judicial authorization for the sale of real property belonging to a minor it is necessary to allege and establish at the corresponding hearing, with the intervention of the district attorney, the necessity and utility for the minor of the sale sought. *Cf. Lókpez* v. *Fernández*, 61 P.R.R. 503 (1943).

■ It is correct that in this case there was presented to the Registry an order of the Superior Court authorizing the judicial administrator to sell the undivided interest of minor Lydia Alicea Rodríguez, which the registrar considered insufficient for the reasons stated in his decision;[5] however, it does not appear from that order that compliance was had with the Law of Special Legal Proceedings. It does not appear therefrom that the Superior Court held a hearing to establish the necessity and utility for the minor of the sale of the real property. Nor does it appear that the district attorney intervened in any manner whatsoever in the proceeding. And this is a necessary requirement for the exercise of the power of the court. *Lókpez* v. *Fernández, supra.* The only reason which the court had for ordering the sale

---

[4] The adjudication of hereditary property in payment of debts where there are interested minors is governed by § 605 of the Code of Civil Procedure (32 L.P.R.A. § 2626).

[5] Although the registrar may have based the insufficiency of the order on other reasons, we must consider the sufficiency thereof in the light of the law since the interests of a minor are involved in the case. See *Valentín* v. *Registrar*, 61 P.R.R. 212 (1942); and *Grillo* v. *Registrar*, 62 P.R.R. 652 (1943).

was that the property was mortgaged. With due justification it may be a sufficient reason in some cases, but by itself and without more it would be insufficient.[6] It is obvious that the Superior Court acted without jurisdiction in authorizing the sale of the undivided interest of the minor without first establishing the necessity and utility, without the intervention of the district attorney and without notice to and hearing of the heiress,[7] and this makes it unnecessary to discuss separately the grounds adduced by the registrar in his decision refusing to record the deed of judicial sale.

The decision appealed from will be affirmed.

---

[6] For example, in the case of *Lókpez* v. *Sotelo*, 70 P.R.R. 475 (1949), the necessity and utility for the minor of the sale of certain real property which was mortgaged was justified with evidence.

[7] The minor's father was not notified either of the administrator's petition.